IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

KYLE HOLBROOK,                                           )
                                                         )
                                                         )          2:22-CV-00586-MJH
            Plaintiff,                                    )
                                                         )
      vs.                                                )
                                                         )
NORFOLK SOUTHERN RAILWAY, INC.,                          )
AUTO SHOP MOTORS, LLC, SHELDON                           )
DAVID OLIVER,                                            )

            Defendants,

OPINION AND ORDER

This case had been referred to United States Magistrate Judge Patricia Dodge for pretrial

proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72

of the Local Rules for Magistrate Judges.

On November 8, 2024, Magistrate Judge Dodge issued Reports and Recommendations

(ECF Nos. 83 and 84) recommending that Defendants, Auto Shop Motors, LLC, Sheldon David

Oliver, and Norfolk Southern Railway's, Motions for Summary Judgment (ECF Nos. 72 and 74)

be denied.  The parties were informed that written objections to the Report and Recommendation

were due by November 22, 2024.  (ECF Nos. 83 and 84).   Norfolk Southern filed timely written

objections, and Plaintiff filed a response to said objections. (ECF Nos. 85 and 86). Defendants,

Auto Shop Motors, LLC and Sheldon David Oliver, filed no objections.  Following de novo

review, Judge Dodge's Reports and Recommendations will be adopted, and Defendants'

Motions for Summary Judgment will be denied.

**I.      Auto Shop Motors, LLC, and Sheldon David Oliver's Motion for Summary
         Judgment**

Auto Shop and Mr. Oliver did not file objections to Magistrate Judge Dodge's Report and Recommendation.

"[T]he failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court." *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." *Id*. at 878.

Accordingly, after *de novo* review of the pleadings and the documents in the case, The Magistrate Judge's Report and Recommendation (ECF No. 83), dated November 22, 2024, is adopted as the Opinion of the Court.

IT IS FURTHER ORDERED that Auto Shop and Mr. Oliver's Motion for Summary Judgment (ECF No. 72) is Denied.

## II.      Norfolk Southern's Motion for Summary Judgment

A.  Relevant Background

Because the Court writes primarily for the parties, the Court provides only a condensed background relevant to the subject objections to Judge Dodge's Report and Recommendation. The facts of this case are provided in detail in Judge Dodge's Report and Recommendation. (ECF No. 84).

Mr. Holbrook brings this action under the Visual Artists Rights Act of 1990, 17 U.S.C. § 106A ("VARA"), alleging that, in July of 2020, Norfolk destroyed two murals created by Mr. Holbrook and his team, "Stop Gun Violence 1" and "Stop Gun Violence 2" (the "Stop Gun Violence Murals"). The Stop Gun Violence Murals were located on Norfolk's property on an underpass at Penn and Pennwood Avenues in Wilkinsburg, Pennsylvania.  Mr. Holbrook and a team of youths and assistant artists installed the Stop Gun Violence Murals in 2006.

In an earlier action, Mr. Holbrook and his companies, KH Design and MLK Mural, brought suit against Norfolk and numerous other defendants in which they asserted claims under VARA and for breach of contract concerning the destruction of certain other murals. *Holbrook v. City of Pittsburgh*, Civ. A. No. 18-539 ("*Holbrook I*").

Mr. Holbrook was deposed by the defendants in *Holbrook I* for two days in October 2020 (the "First Deposition"). In his First Deposition, Mr. Holbrook testified that, in 2007, he met with Thomas Bracey from Norfolk to discuss the necessary agreements for the installation of art projects on Norfolk's property. While Mr. Holbrook acknowledges this testimony, he testified at his deposition in this case ("Second Deposition") that he must have met with Bracey in 2005 because the Stop Gun Violence Murals were completed in 2006 and he "would have had to do the planning in 2005."

The crux of Norfolk's Motion for Summary Judgment, and its objections to Judge Dodge's Report and Recommendation, is that Mr. Holbrook's conflicting testimony from *Holbrook I* and the present case should bar his VARA claim under the Sham Affidavit Doctrine. In particular, Norfolk contends that, if the Court disregards Mr. Holbrook's conflicting testimony, then there is no evidence that Mr. Holbrook had permission to install the murals on Norfolk's property.

B.  Discussion

The sham affidavit doctrine permits courts to disregard an affidavit submitted in opposition to a motion for summary judgment "when the affidavit contradicts the affiant's prior deposition testimony." *In re CitX Corp., Inc.*, 448 F.3d 672, 679 (3d Cir. 2006) (quoting *Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004)). The court should consider whether such contradictions were the result of a witness' confusion or misstatement. If the affiant was "carefully questioned

on the issue, had access to the relevant information at that time, and provided no satisfactory

explanation for the later contradiction, the courts of appeals are in agreement that the subsequent

affidavit does not create a genuine issue of material fact." *Martin v. Merrell Dow Pharms., Inc.*,

851 F.2d 703, 706 (3d Cir. 1988).

In its objections, Norfolk argues Mr. Holbrook's change in testimony from his First

Deposition to his Second Deposition is the sole reason Mr. Holbrook could defeat summary

judgment.  However, Norfolk maintains that Mr. Holbrook has produced no independent

evidence to bolster his testimony.  Norfolk contends that this Court should disregard Holbrook's

deposition testimony in this case because it is self-serving and not just a credibility issue.

In opposition to Norfolk's objections, Mr. Holbrook argues that that caselaw consistently

holds that changes in witness testimony raises a credibility issue inappropriate for summary

judgment.  Mr. Holbrook contends that a sham affidavit is made by an affiant when he or she " is

willing to offer a statement solely for the purpose of defeating summary judgment." *Jiminez v.

All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007).  Mr. Holbrook maintains that he

provided no affidavit just to maintain a consistent story.  Instead, Mr. Holbrook asserts he

sufficiently explained a one-to-two year discrepancy after an event that was 15 years ago in

addition to testimony that he always secures property owner permission before commencing

work on his murals.

In the report and recommendation, Judge Dodge reasoned as follows:

> The Court concludes that the sham affidavit doctrine does not apply to Holbrook's
> deposition testimony. While Norfolk argues that Holbrook's more recent
> deposition testimony in this case must be disregarded because it contradicts his
> earlier deposition testimony in another lawsuit, applying the sham affidavit
> doctrine to contrast two depositions would suggest that that the later testimony is
> inherently less reliable as a matter of law. While the latter testimony certainly can
> be questioned, there is a significant difference between an affidavit prepared by a

4

party and an adversarial proceeding during which the party is questioned by an
adverse party.

(ECF No. 84 at p. 17).

Following de novo review, the Court concurs with Judge Dodge's well-reasoned Report

and Recommendation that the Sham Affidavit Doctrine should not apply in this case. Given the

context of Mr. Holbrook's testimony, there exists ultimate issues of credibility that are best

presented to the factfinder. Thus, this Court finds no error in Judge Dodge's determination, and

the Magistrate Judge's Report and Recommendation (ECF No. 84), dated November 22, 2024, is

adopted as the Opinion of the Court.

IT IS FURTHER ORDERED that Auto Shop and Mr. Oliver's Motion for Summary

Judgment (ECF No. 74) is Denied.

A separate order will follow regarding further proceedings.

DATED this 7th day of February, 2025.

BY THE COURT:

MARILYN J. HORAN
United States District Judge